UNITED STATES DISTRICT COURT

FOR THE MIDDLE

DISTRICT OF FLORIDA

*In the Matter of:*

ANDRE NEWTON MAE

    Petitioner

VS.

U.S. Attorney General: WILLIAM BARR

    Respondent

A # 073-228-894

**MAILED**
JUL 09 2020

DETAINED

Petition For A: Stay of Removal

U.S Attorney General) et al.,

John Kelly

    (Secretary    D.H.S.)

## EMERGENCY MOTION FOR STAY OF REMOVAL

Comes now the Petitioner ANDRE NEWTON MAE pro se and files this motion for Emergency Stay of Removal. Petitioner was ordered deported on **December 17, 2019** and appealed to the BIA and was also denied on **June 2, 2020**. Petitioner is in the process of Vacating his conviction in criminal court and he is also in the process of appealing the Immigration decision to the Eleventh Circuit. Petitioner has Children and a family in the U.S. Petitioner is the sole provider for his family. Petitioner is applying for Cancellation of removal and Asylum. Mr. ANDRE NEWTON MAE received a notice from ICE Stating that a final administrative removal order was

1

issued on **December 17, 2019** due to the possibility of an aggravated felony for Possession of a controlled substance. Petitioner moves this court, pursuant to FED. R. App. P. 27, enter an order staying his removal during the pendency for review. Mr. ANDRE NEWTON MAE is currently detained by DHS/ICE pending removal to Jamaica.

Mr. ANDRE NEWTON MAE is detained by the Department of Homeland security (DHS). Mr. *ANDRE NEWTON MAE* is currently detained at Baker County Detention Center in Macclenny, Florida, in the custody of DHS pending removal to Jamaica.

Mr. *ANDRE NEWTON MAE* received a final order or removal which is the subject of this petition.

A stay of removal is warranted. A motion for stay of removal pending review is governed by the traditional standards applied to stays pending appeal: (i) likelihood of success on the merits; (ii) irreparable harm to the applicant if the stay is not granted; (iii) that the potential harm to the applicant outweighs the harm to the opposing party if a stay is not granted; and (iv) that the granting of the state will serve the public interest. Nken v. Holder, 556 U.S. 418,426 (2009) petitioner's case meets all the Nken criteria.

**I. Petitioner's Petition Will Likely Succeed on the Merits.**

   **A. recent decisions in Dimaya and Cintron support likely reversal of the DHS/ICE determination that Mr. ANDRE NEWTON MAE 's convictions constituted aggravated felonies or a P.S.C.**

Subsequent to DHS/ICE determinations that petitioner might be convicted of an aggravated felony. Sessions v. Dimaya, 138 S. Ct 1204 (2018) (holding 18 U.S.C. 16(b) is unconstitutionally vague and the statue cannot be the basis of removability under the INA);

2

Cintron v. U.S. Att'y Gen., 882 F.3d 1380 (11th Cir. 2018) concluding that these recent changes in applicable law clearly support that Mr. *ANDRE NEWTON MAE* convictions are not aggravated felonies or a P.S.C.

### B. Mr. *ANDRE NEWTON MAE* is prima facie eligible for relief.

Based on erroneous conclusions that he was convicted of an aggravated felony or a P.S.C. Consequently Mr. *ANDRE NEWTON MAE* was denied the opportunity to present his case for the said relief for which he was in fact eligible and applies.

### C. Mr. *ANDRE NEWTON MAE* is likely to prevail on the issue regarding cancellation of removal, Asylum, and vacating his conviction.

The DHS/ICE's conduct and actions- whether viewed singly or in the aggregate- manifestly deprive Mr. *ANDRE NEWTON MAE* of his Due Process right to a fair hearing.

## II. Failure to Grant a Stay Would Present a Substantial Probability of Causing Irreparable Injury.

Mr. *ANDRE NEWTON MAE* is subject to an administratively final order of removal. He is in the custody of DHS, which may execute his removal from the United States at any time. If this Court does not enter a stay of removal, Mr. *ANDRE NEWTON MAE* is at risk of being deported, untimely, from the United States.

The harm to Mr. *ANDRE NEWTON MAE* will be irreparable, an significantly worse than in a typical removal case. A starting point is the fact that the core relief, upon which the Petitioner relies, Cancellation of removal, Asylum and CAT is not available if he is outside the United States after deportation. See 8 CFR 1240.20; INA 240A(a). It is a benefit that can only be applied for in removal proceedings before the Executive Office for Immigration Review. Id His

removal will clearly extinguish any opportunity to have his case heard to remain in the United States with his family.

While it is theoretically possible that the Petitioner could apply to reenter the United States as a refugee, the headwinds affecting such an application are so substantial that it is highly improbable that he would ever obtain such status. Bars to relief include possible findings of a particularly serious crime as well as the Government's deep-seated conclusion in similar cases that changed conditions in Jamaica negate any reasonable fear of persecution. It is not realistic to conclude the Mr. *ANDRE NEWTON MAE* could return to the United States as a refugee.

If removed, Mr. *ANDRE NEWTON MAE* would not be eligible to obtain an immigrant visa to enter the United States and reunite with his family, as he would be inadmissible under the Immigration and Nationality Act. He is indisputably inadmissible as an alien who was convicted of a violation of a law under section 237 and 8 U.S.C. The INA allows no waiver of this ground of inadmissibility, and it is an absolute bar to his entry into the United States as an Immigrant.

Next, deportation, in general, is an extreme punishment causing substantial injury. "[D]eportation is a drastic measure and at times the equivalent of banishment or exile." Fong Haw Tan v. Phelan, 333 U.S. 6, 10 (1948); Delgadillo v. Carmichael, 332 U.S. 388, 391 (1947). Particularly for someone was has lived in the United States for many years, the act of deportation is a traumatic uprooting-"the stakes are indeed high and momentous". Id.

Specifically, there is a real danger to Mr. *ANDRE NEWTON MAE* life, Safety and well-being

if he is removed due to his sexual preference. Petitioner fears he will likely be killed and/or persecuted if removed to Jamaica, as he left there due to the violence and the Gangs as well as the horrendous conditions and his well-being.

If in Jamaica separated from his beloved family Mr. *ANDRE NEWTON MAE* would live alone suffering psychological hardship. He has not been to Jamaica since he was a very young man. As a result of torturous conditions and other horrific events in Jamaica, Mr. *ANDRE NEWTON MAE* suffers from Post-Traumatic Stress Disorder, Depression, Anxiety, and other medical conditions. Moreover, return to Jamaica could trigger a severe psychological response, due to his PTSD. He no longer has relatives who could help or support him, as his immediate family members live here in the U.S.

Further, failure to grant a stay would devastate Petitioner's entire family. Petitioner's removal would cause extreme emotional, financial, and educational hardship to all of these individuals. The strain would be particularly pronounced for his family members who either have suffered severe trauma in Jamaica or face these fears vicariously through their loved ones.

## III. The potential harm to Mr. ANDRE NEWTON MAE Far Outweighs the harm to the Government If the Unopposed Stay Is Not Granted and the Public Interest Would Best Be Served by Granting the Stay.

The Government cannot make any particularized showing that granting Petitioner a stay of removal would substantially injure its interests or conflict with the public interest in preventing a wrongful removal. Clearly the potential harm to the Petitioner outweighs the harm to the Government if the stay is not granted.

Petitioner has not committed any major offenses in the United States. He is manifestly reformed and rehabilitated and is well prepared to prove this in Immigration Court if afforded the opportunity to do so. Further, respondent has his entire family in this Magnificent country.

The Nken Court also recognized the "public interest in preventing aliens from being wrongfully removed," must weigh heavily in the Court's consideration. See Nken, 556 U.S. at 436. In this case, Petitioner has raised several claims of legal errors committed by DHS/ICE. Removing him from the country while a chance of error exist- without even addressing these issues- would be manifestly unfair. There is a strong public interest in reversing and alleviating administrative agency errors and correctly applying the law, especially when it involves removal from the United States and long -term separation from their families.

## Conclusion

The Petitioner has demonstrated a very high likelihood of success on the merits of this petition. There will be irreparable harm if Mr. *ANDRE NEWTON MAE* and his family if this unopposed stay is not granted and he is deported from the United States, and unable to apply for discretionary relief for which he is eligible. Since there is no potential harm to the Government or any third party, harm to the Petitioner far outweighs harm to the opposing party if a stay is not granted. Lastly the granting of a stay in this case will serve the public interest in it's summoning and correcting administrative agency errors and determining which residents who have extended U.S. family should be removed from the United States.

For the foregoing reasons, Petitioner respectfully requests that this Court enter a stay of removal pending resolution of the appeal of his Cancellation of removal, and Asylum claim as well as him vacating his conviction in criminal court.

## CERTIFICATION AND OATH

**UNDER PENALTIES OF PERJURY** and administrative sanctions from the Department of Corrections if this motion is found to be frivolous or made in bad faith, I certify that I understand the contents of the foregoing motion, that the facts contained in the motion are true and correct, and that I have reasonable belief that this motion is timely filed. I certify that this motion does not duplicate previous motions that have been disposed of by the court. I further certify that I understand English and have read the foregoing motion or had the motion read to me, or the foregoing motion was translated completely into a language which I understand and read to me by _____N/A_____ whose address is _____N/A_____.

X _____[signature]_____
*ANDRE NEWTON MAE* pro'se
A# 073-228-894
Baker County Detention Center
1 Sheriff's Office Drive
Macclenny, FL 32063

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the word limit of the FED. R. APP. P. 27(d)(2)(A). Additionally, this document complies with the typeface requirement of FED. R. APP. P 32(a)(5) and the typestyle requirement of FED. R. APP. P 32(a)(6).

## CERTIFICATE OF SERVICE

**I HERBY CERTIFY** that a true and correct copy has been furnished to the Office of Chief Counsel DHS/ICE and the Clerk of Courts, at the addresses listed below. By U.S. mail this 9 day of July 2020.

*(1)*
CLERK OF COURTS
*U.S. DISTRICT COURT*
*MIDDLE DISTRICT OF FLORIDA*
*401 W. CENTRAL BLVD*
*ORLANDO, FL 32801*

*(2)*
OFFICE OF CHIEF COUNSEL DHS/ICE
*3535 Lawton Rd suite 200*
*Orlando, FL 32063*

X _[signature]_

*ANDRE NEWTON MAE* pro'se

A# 073-228-894

Baker County Detention Center

1 Sheriff's Office Drive

Macclenny, FL 32063

13